IN RE HAMPTON.

[Cite as In re Hampton (1970), 24 Ohio App. 2d 69.]

(No. 29957—Decided November 5, 1970.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. Stanley E. Tolliver,* for appellant.

*Per Curiam* This appeal is taken from the overruling of a plea in bar in the Juvenile Court of Cuyahoga County.

The appellant juvenile was tried on the issue of delinquency. The basic underlying charge was deliberate and premeditated murder. At the conclusion of the state's evidence and after hearing witnesses, the court discharged the juvenile.[1] Then, on a motion by the state, it reconsidered, vacated the order of discharge and set the case for a second hearing.[2]

The thrust of the plea in bar apparently was a constitutional claim that the juvenile had been once in jeopardy and could not under Section 10, Article I of the Ohio Constitution and the 5th and 14th Amendments of the United States Constitution be tried again for the same offense.

There is an unmistakable trend toward according a juvenile the same constitutional rights guaranteed to adults when the juvenile, in effect, is charged with an act which would constitute a crime if committed by an adult.

Placing the label ''civil in nature'' upon juvenile pro-

---

[1]Whether the witnesses were sworn cannot be determined from the transcript. No bill of exceptions was filed.

[2]Further hearing has been stayed by the court below pending appeal.

ceedings does not necessarily dispose of the constitutional questions. See *Kent* v. *United States* (1966), 383 U. S. 541, 16 L. Ed. 2d 84; *In re Gault* (1967), 387 U. S. 1, 18 L. Ed. 2d 527; *In re Winship* (1970), 397 U. S. 358, 25 L. Ed. 2d 368. Regardless of label, the objective in such situations is a trial that satisfies the "essentials of due process and fair treatment." *In re Winship, supra.*

Whether protection against double jeopardy is to be vouchsafed juveniles under the due process umbrella has not been determined specifically by the Supreme Court of the United States or the Supreme Court of Ohio. However, *Pender* v. *Family Court* (Kings County, N. Y. Supreme Ct., May 29, 1969, 5 Cr. L. 2261) may foreshadow the developing law. The court in that case, recognizing that *Gault* did not deal with the specific issue of double jeopardy, nevertheless held:

"* * * The conclusion this court has reached after studying the opinion in *In re Gault* is that a juvenile in a delinquency proceeding is entitled to invoke the constitutional law against a person's being put in jeopardy twice for the same offense * * *."

We reach no conclusion on this issue for the good reason that we are prevented from doing so by the state of the appeal. For even if we were to say that a plea in bar, a device peculiar to the criminal law, was properly interposed in a juvenile proceeding, the order overruling it is not a final appealable order (see R. C. 2943.10), and cannot be the vehicle which brings the issue of double jeopardy to this court. We, therefore, dismiss the appeal for its procedural frailties without any opinion on the double jeopardy issue at this time.

*Appeal dismissed.*

DAY, C. J., WASSERMAN and SIMMONS, JJ., concur.

SIMMONS, J., of the Court of Common Pleas of Lake County, sitting by assignment in the Court of Appeals.